STATE of Missouri, Plaintiff-Respondent,

v.

Edward NIMROD, Defendant-Appellant.

No. KCD 28946.

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Jeffery L. Alena, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

PER CURIAM:

Defendant appeals his conviction and sentence of 18 years for the crime of robbery first degree. Defendant was sentenced by the court upon the basis of its finding that the Second Offender Act applied.

The only claim of error is the defendant's assertion that certain proof at trial constituted evidence of another crime. The defendant's motion for new trial was not timely filed and did not preserve the error for review. Rule 27.20(a); *State v. Clark,* 432 S.W.2d 279 (Mo.1968); *State v. Rodgers,* 525 S.W.2d 447 (Mo.App.1975). The judgment and conviction are affirmed.

Defendant has not requested review under Rule 27.20(c) as plain error. Before undertaking, sua sponte, a review under that rule for a finding of manifest injustice, it is axiomatic that error must appear. A short factual statement will suffice for that purpose.

Three black men attacked the victim, beat him, and took his wallet and watch. A private security officer, fortuitously passing, intervened and pursued the attackers who fled. Officers in the immediate neighborhood stopped a car upon a report. Three black men and a female driver were occupants of the car. The officers observed the defendant place objects under the vehicle when alighting from the stopped vehicle. The objects were recovered and were the wallet of the victim and of one Wilder.

The security officer who had given chase identified one of the three occupants as a participant. The victim identified the defendant.

The only proof offered by the State as to the Wilder wallet was that it was one of the two objects recovered at the scene. The proof, of course, also disclosed that none of the occupants of the car was named Wilder.

The record reflects that the defendant was under charges for the death of Wilder in a separate proceeding, and the State agreed that the death of Wilder would not be mentioned. This proof and agreement was not before the jury. That agreement was observed by the State. There was no attempt by the State to emphasize or argue the evidence of Wilder's billfold being found.

The State went upon dangerous ground when it offered the proof of ownership of the Wilder wallet and the additional proof that no one in the vehicle was named Wilder. The evidence so offered leads to the inference that the defendant was attempting to hide the fruits of another illegal acquisition. The State offered no logical basis for this proof being relevant to the issues presented. It was error to receive such evidence.

Reviewing this as plain error, however, there must be the further finding that a manifest injustice appears. On this record, the finding cannot be made. The evidence is clear and convincing that defendant was guilty of the instant offense. The reference to the Wilder wallet was not prominent in the evidence, but only a passing reference; it was not unduly emphasized.

Defendant argues that the jury, by hearing Wilder's name, may have connected defendant with the robbery and death of Wilder. This is, at most, speculation. The record does not show Wilder's death and robbery to have been either recent or notorious, which would permit the inference that the jury might have been likely to make the connection. It is the defendant's burden to show by substantial evidence that a miscarriage of justice will result if Rule 27.20(c) is not invoked. *State v. Mabery*, 437 S.W.2d 91 (Mo.1969); *State v. Caffey*, 457 S.W.2d 657 (Mo.1970); *State v. Plant*, 532 S.W.2d 900 (Mo.App.1976). When the review is sua sponte as here, the record must by substantial evidence demonstrate manifest injustice. This record does not do so.

The two cases cited by the defendant most factually analogous to the instant case, *State v. Holbert*, 416 S.W.2d 129 (Mo. 1967), and *State v. Walker*, 490 S.W.2d 332 (Mo.App.1973), are not controlling in the instant case because extensive use and reference to the evidence indicating commission of other crimes by the defendant was made throughout the trial in the cited cases. Here, that misuse of the erroneously admitted evidence was not present.

The judgment and conviction are affirmed.