STATE of Missouri, Respondent,

v.

Johnnie Lee JOHNSON, Appellant.

No. 39138.

Missouri Court of Appeals,
St. Louis District,
Division 1.

Jan. 31, 1978.

Donald A. Fee, Cape Girardeau, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Brad-

shaw Smith, Pros. Atty., Cape Girardeau, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant Johnnie Lee Johnson guilty of feloniously striking a police officer (§ 557.215, RSMo.) and the court fixed punishment at three years' imprisonment. Defendant has appealed, contending the trial court committed plain error by denying his oral motion for a continuance. He further asserts plain error by the court allowing the state's closing argument that defendant had failed to produce a material witness.

The state's evidence was that police had arrested defendant for drunken driving. At that time it was noted defendant's face was scratched and bruised. At the jail's "holding room" defendant became boisterous and broke a window and officers entered to transfer him to a cell block. A struggle ensued and defendant assaulted police officer Dolan. Defendant testified that at the jail police beat him without provocation.

At the start of trial, which had long been scheduled, defense counsel orally moved for a month's continuance to produce "his main witness," Monty Irby, who had been arrested with defendant. No other fact was mentioned and the motion was denied. The motion failed in form and substance to comply with the rigorous requirements of Rule 25.08(b), VAMR, Continuances—Absence of Evidence.

Considered as plain error (Rule 27.20(c), VAMR), defendant failed to demonstrate here, as he must, that the trial court's action in denying a continuance resulted in "manifest injustice or miscarriage of justice." This, in accord with the landmark case of State v. Meiers, 412 S.W.2d 478[1] (Mo.1967), declaring there must be a sound, substantial manifestation—a strong, clear showing that injustice will result if the rule is not invoked. The trial court's denial of defendant's vague, oral motion for a contin-

uance falls far short of qualifying under the plain error rule.

■ This same principle applies to defendant's second point, wherein he contends abstractly that he was prejudiced by the prosecutor's closing argument that defendant had failed to produce Monty Irby, his companion, as a witness. No trial objection was made. Neither defendant's point relied on nor his argument states "what actions or rulings of the court are sought to be reviewed," as required by Rule 84.04(d), VAMR. And, further, were we to consider defendant's challenge on its merits, we would be compelled to deny it because the state's rebuttal argument was in retaliation to defendant's closing argument that the state had failed to produce certain witnesses.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.