STATE of Missouri,
Plaintiff-Respondent,

v.

Jerome B. WRIGHT,
Defendant-Appellant.

No. KCD28988.

Missouri Court of Appeals,
Kansas City District.

Aug. 28, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 10, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Kevin Locke, Lee M. Nation, Asst. Public Defenders, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals from a jury verdict and jury-imposed sentence of ten years for first degree robbery. This is the second of

a trilogy of cases arising from the same robbery. The trial, conviction, and appeal of the first defendant is reported in *State v. Nimrod*, 559 S.W.2d 592 (Mo.App. 1977). The evidence in this case is like the evidence in the *Nimrod* case. No question of sufficiency is raised, and it suffices to say that this defendant, Nimrod, and this defendant's brother, Andre Wright, beat and robbed the victim, taking his wallet. A private security officer came upon the crime and, although unable to prevent the robbery, stopped the beating. This defendant, together with the two others charged, was apprehended in the company of one Dorothy Wright McKelvy, a black female, in an automobile close to the scene of the crime.

On this appeal, the defendant raises a claim of error because the State called McKelvy over defendant's objection and error in permitting a police officer to testify to the security officer's identification at the scene of the arrest.

■ When McKelvy was called to the witness stand, the State was aware that she might invoke her Fifth Amendment right not to testify. Before she took the stand, defendant objected to calling her and, after extensive colloquy, the court overruled the objection. McKelvy, who was apprehended driving the vehicle in which the three individuals charged with the robbery were apprehended, did, in fact, claim her Fifth Amendment privilege and refused to testify. The defendant cites *Namet v. United States*, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963), and other federal cases of similar import. *Namet* deals only with federal trial error and does not establish a constitutional standard. The rule in Missouri is to the contrary. It is not improper under our trial practice for the court to require a witness to claim the privilege against incrimination in the presence of the jury. *State v. Phillips*, 511 S.W.2d 841 (Mo. 1974); *State v. Yager*, 416 S.W.2d 170 (Mo. 1967). In the argument portion of his brief, the defendant further urges that it was error for the prosecutor to argue the fact of McKelvy's appearance and claim of privi-

lege. The total of the State's argument on this issue is, "I brought in Dorothy McKelvy here—or Dorothy Wright, whatever her name is—and you saw how much help she was." It is true, as defendant argues, that under the general rule, the refusal of a witness to testify on the basis of the Fifth Amendment does not permit any inference favorable or unfavorable to either of the parties in the case and should not be so argued. 24 A.L.R.2d 895. Examination of the argument made here shows that the prosecutor did not solicit the jury to draw any inference, but simply stated the fact concerning the witness which the jury well knew, that she had been called and did not furnish any information. This is within the general rule of permitting argument on what the evidence in the case was. *State v. Barnes*, 517 S.W.2d 155 (Mo.App. 1974), and no prejudice to the defendant is shown by the argument.

Under the second point, defendant claims that the prosecutor should not have put in evidence the identification by the security officer of the suspects which occurred some three or four blocks from the scene of the robbery and at the time of the arrest. It should be noted that the question of this identification came into the case by an unresponsive answer from a police officer. Defendant objected and asked that the jury be instructed to disregard the answer and asked for a mistrial. The trial court promptly sustained the objection, instructed the jury to disregard the answer, but overruled the motion for a mistrial.

■ Defendant relies upon *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), and *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945). These cases are authority, as the defendant indicates, for the proposition that prior consistent statements are not admissible where there has been no impeachment or contradiction of the witness. The security officer had already testified to his extrajudicial identification of the defendant and that was proper under the authority of *State v. Starkey*, 536 S.W.2d 858 (Mo.App. 1976). The admission of corroborative evidence, absent impeach-

736

ment or contradiction, may or may not be harmless error but does not automatically mandate a reversal, even where it has been admitted. *State v. Collett*, 526 S.W.2d 920 (Mo.App. 1975). In this case, where it is a question of whether the trial court erred in refusing to declare a mistrial, after excluding the evidence and instructing the jury to disregard it, the question must be whether or not sufficient prejudice inhered in the unresponsive statement of the officer to make the trial court's refusal of the mistrial an abuse of his discretion. In *Degraffenreid, supra*, which found error on this basis, there was but a single identification witness. Here, two witnesses each identified the defendant several times—the victim at a lineup and in court, and a security officer at the scene of the arrest, at a photographic "show up," and in court. There was other incriminating evidence, the possession of the victim's wallet a short distance from and a short time after the robbery. In the light of this substantial evidence of guilt, refusal of the trial court to declare a mistrial because of the officer's volunteered statement of another identification cannot be considered to be an abuse of the trial court's discretion in overruling the motion for a mistrial. A mistrial is to be granted only when the matter is so prejudicial that it cannot be removed in any other way. *State v. Camper*, 391 S.W.2d 926 (Mo. 1965). This inadvertent statement was only cumulative to two direct positive identifications, and the trial court promptly took action on the objection; a mistrial was not warranted.

The judgment and conviction are affirmed.

All concur.