STATE of Missouri,
Plaintiff-Respondent,

v.

Emma SHIELDS, Defendant-Appellant.

No. 42408.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Susie E. McFarland, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Thomas G. Auffenberg, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant Emma Shields was convicted of First Degree Robbery, § 569.020, RSMo 1978, and sentenced to ten years' imprisonment in accordance with the jury's verdict. The appeal is from this judgment.

Appellant asserts that the trial court erred in: (1) overruling appellant's motion for mistrial during voir dire; (2) not striking for cause a juror who indicated that he would tend to give more credibility to a police officer's testimony than that of a civilian witness; (3) overruling appellant's objection to a police officer's testimony that a witness identified Robert Sanders, a suspected co-participant, at a lineup; and (4) overruling appellant's objection to comments in closing argument about appellant's failure to call additional alibi witnesses.

The judgment is affirmed.

Appellant was charged in connection with the robbery of Jaccard's jewelry store at 9th and Locust Streets in downtown St. Louis on Saturday, April 28, 1979.

Salesclerks testified that three black men and a black woman entered the store about one o'clock p. m. One of the men kicked in a display case from which they took jewelry. Salesclerks Donna Coonrod and Grace Joyce testified that one man held a gun and that they were told to lie on the floor, which they did. Ms. Coonrod identified one of the men in a lineup. Ms. Joyce identified appellant at a lineup and in court as the woman she had seen in the store. A third store employee, Kim Jones, testified that she had seen the robbers but she could not identify appellant. Charles Hoppe, who was walking north on 10th Street at the time of the robbery, identified appellant and also the man identified by Ms. Coonrod. Officer Joseph Sims, who had conducted the lineup viewed by Ms. Coonrod, testified that Ms. Coonrod had identified Robert Sanders, an alleged co-participant, who had not been tried at the time of appellant's trial. Appellant testified on cross-examination that she had known Robert Sanders since December of 1978. Additional facts will be given where necessary to the understanding of appellant's arguments.

Appellant first alleges the trial court erred in refusing her request for mistrial during voir dire. The prosecutor read the names of persons the state intended to call as witnesses to see if the jurors were acquainted with any of them. He then said, "The defense has indicated that they intend to call Barbara Johnson, Artie Burr, Anthony Acres and Mrs. Shields, the defendant's mother. Do any of you know these people?"

Appellant objected and requested a mistrial arguing that the prosecutor had made a commitment to the jury about what witnesses the defense intended to call. The objection was sustained, the motion for mistrial overruled. At appellant's request, the panel was instructed to "disregard the last statement made by the State's attorney." Appellant argues that the error was not cured by the instruction and a mistrial should have been granted. The point is not well taken.

 A liberal latitude is allowed in the examination of jurors on their voir dire. *State v. Brown*, 547 S.W.2d 797, 799[1–4] (Mo. banc 1977); *State v. Granberry*, 484 S.W.2d 295, 299[4, 5] (Mo. banc 1972). The trial judge acted within his discretion when he sustained the objection and refused to declare mistrial. *State v. Minor*, 556 S.W.2d 35, 39[5, 6] (Mo. banc 1977); *State v. Brown, supra.*

The supreme court cases cited by appellant [*State v. Schlagel*, 490 S.W.2d 81, 85[5, 6] (Mo. 1973); *State v. Aguilar*, 478 S.W.2d 351 (Mo. 1972); *State v. Phelps*, 478 S.W.2d 304, 307–308[7–9] (Mo. 1972); *State v. Morris*, 476 S.W.2d 485 (Mo. 1971)] do not undermine, but support, the conclusion shared by respondent and this court that the matter is within the discretion of the trial court. The point is ruled against appellant.

Appellant's second allegation of error relates to the refusal of the trial court to strike a juror for cause as she requested, after the juror, in response to the defense attorney's questions, indicated he "[h]alfway" thought "a policeman would be more impartial than someone directly for the defense or for the prosecution . . . . They're trained to be impartial more so than—they wouldn't have any secondary—they weren't the victim and they weren't a relative." "I believe he'd be a little more honest."

The judge questioned the venireman after additional voir dire was requested, "Sir, does the court understand that you would believe the testimony of a police officer simply because of the fact that he is a police officer, or would you make your determination upon the evidence as you hear it from the witness stand in the course of the trial?" The venireman responded, "I would base it on the evidence." The defense attorney asked, "[W]hat if one police officer and a non-police officer said something that, you know, were totally at odds, that one was the truth and one was not the truth, would you tend to believe the police officer over the other person simply because he is a police officer." The venireman answered, "No, I wouldn't think so."

 The trial court has broad discretion to determine whether a prospective juror is qualified. Its determination will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion. *State v. Thomas*, 596 S.W.2d 409, 412–413[6, 7] (Mo. banc 1980); *State v. Murphy*, 610 S.W.2d 382, 389[12–14] (Mo.App. 1980). *State v. Goodrich*, 603 S.W.2d 81, 83[1] (Mo.App. 1980). The trial court did not abuse its discretion. This point is also ruled against appellant.

 Appellant next argues that the trial court erred in overruling appellant's objections to the testimony of a police officer who conducted a lineup of male suspects viewed by witness Coonrod. Ms. Coonrod identified Robert Sanders as a participant in the robbery after viewing the lineup. Detective Sims corroborated that identification in his testimony. In her point relied on, appellant asserts that Detective Sims' testimony was irrelevant, immaterial and inadmissible hearsay. The point is not well taken.

Appellant objected to Detective Sims' identification of the photo of the lineup on the grounds that his testimony would be irrelevant and immaterial. This objection was overruled.

No objection was made to Detective Sims' testimony, in response to the next questions, that Ms. Coonrod had picked someone out of the lineup and had specified the position of the identified person in the lineup.

Appellant objected on the basis of hearsay when Detective Sims was asked for the

name given him by the person identified in the lineup. The objection was overruled and Detective Sims testified that the person identified by Ms. Coonrod told him his name was Robert Sanders.

Appellant in her point relied on claims the trial court erred in admitting evidence of the lineup identification because it was irrelevant, immaterial and inadmissible hearsay. But her entire argument is directed to the hearsay objection which was made only when Detective Sims asked Robert Sanders his name.

The trial court did not err when it overruled the objection made on the grounds of irrelevancy and immateriality. The fact that Ms. Coonrod identified Robert Sanders as one of the robbers was relevant and material to the issue of appellant's participation in the robbery which was in question. Appellant's defense was alibi. The state presented evidence that appellant and Sanders were in the store at the time of the robbery and were seen together fleeing the store. Appellant then admitted on cross-examination that she had known Robert Sanders for approximately four months. Thus the evidence of the name and presence of Sanders was relevant to proof of appellant's participation in the crime.

■ A trial court has broad discretion in determining the relevancy of evidence. *State v. Smith*, 588 S.W.2d 139, 143[6] (Mo. App. 1979); *State v. Martin*, 530 S.W.2d 447, 450[3–7] (Mo.App. 1975). In *State v. Sanderson*, 528 S.W.2d 527, 531[7–9] (Mo. App. 1975) the court said doubts about relevance should be resolved in favor of admissibility. No hearsay objection was made when the officer was asked to identify the lineup photograph. There was no error in overruling the objection based on irrelevance and immateriality.

■ Appellant failed to preserve for appellate review any hearsay objection to Detective Sims' testimony that Ms. Coonrod had picked someone out of the lineup and had pointed out the specific person who was identified. Appellant's failure to object at that point resulted in a failure to preserve

this issue for review. *State v. Montgomery*, 577 S.W.2d 181, 183[1, 2] (Mo.App. 1979). Appellant did not request this court to review the alleged error as a plain error under Rule 29.12(b) but the court has done so and finds that the admission of this evidence did not result in manifest injustice or a miscarriage of justice under the rule.

Appellant cites *State v. DeGraffenreid*, 477 S.W.2d 57 (Mo. banc 1972) in which the supreme court held inadmissible as prejudicial hearsay a police officer's testimony that a witness had identified a photograph of the defendant and selected him out of a lineup. The officer's corroboration of the lineup selection was not harmless because it bolstered the credibility of the sole witness who identified the defendant.

The case under review is distinguishable from *DeGraffenreid* because here the person identified was not the defendant but an alleged co-participant. Second, in the case under review two witnesses positively identified the defendant as being at the scene of the robbery and fleeing from the scene of the robbery. See *State v. Wright*, 571 S.W.2d 734, 736[3–5] (Mo.App. 1978). Assuming, without deciding, that the *DeGraffenreid* rationale applies in a case in which an officer testifies that a co-participant, instead of a defendant, was identified in the lineup by a witness, the testimony here was cumulative to the testimony of Ms. Coonrod (the appellant did not object to it), and it was not so prejudicial as to rise to the level of plain error under Rule 29.12(b).

■ Appellant's only hearsay objection was to Detective Sims' testimony that the person identified by Ms. Coonrod as one of the other robbers told the officer his name. The objection was properly overruled. Evidence of the name by which a person is known is not within the rule excluding hearsay evidence. *State v. Valentine*, 506 S.W.2d 406, 409[1, 2] (Mo. 1974); *State v. Douglas*, 573 S.W.2d 79, 80[2, 3] (Mo.App. 1978). 2 Wigmore on Evidence 3rd Ed., § 667(a) (Chadbourn rev. 1979).

■ Appellant in her final point contends the trial judge erred in overruling

appellant's objection to comments made about appellant's failure to call witnesses during the second part of respondent's closing argument. The prosecutor recited a list of people who appellant testified were at her home when appellant left with her alibi witness: "her mother ... her two adult brothers, a fifteen year old sister and a twenty-one year old sister. These are family members that could testify to the same thing [alibi]." The prosecutor asked the jury to consider why these witnesses did not come down and testify.

The trial court correctly overruled appellant's objection because the prosecutor's comment was in retaliation for a similar argument in appellant's summation about the failure of the state to call more identifying witnesses. Considerable discretion is vested in the trial court to regulate the use of retaliatory arguments. *State v. Watson*, 588 S.W.2d 20, 22[1] (Mo.App. 1979); *State v. Johnson*, 561 S.W.2d 738, 739[2] (Mo.App. 1978). The trial court's discretion was not abused. Her final point is ruled against appellant.

The judgment is affirmed.

CRIST, P.J., and REINHARD, J., concur.