STATE of Missouri, Respondent,

v.

Timothy HARRELL, Appellant.

No. WD32303.

Missouri Court of Appeals, Western District.

June 29, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

---

1. All statutory references are to RSMo 1978.

Jeffery L. Alena, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Carl S. Yendes, Asst. Attys. Gen., Kansas City, for respondent.

Before SOMERVILLE, C. J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

Defendant appeals from a conviction by jury of robbery in the first degree. His points on appeal all relate to the refusal by the trial court to strike members of the venire for cause.

During the course of the voir dire, venireman Sipes and venirewoman Confer were stricken for cause because of their expressed prejudice arising from other robberies in which each of them had been involved. Venireman Downs was also stricken for cause because of his claim of knowledge of what was going on in the Westport Area of Kansas City and his admission that the knowledge mentioned would prejudice him against the defendant. The voir dire examination then continued as follows:

"MR. ALENA: Would any of you give greater credence to the testimony of a police officer merely because he is a police officer?

DORIS HUMPHREY: Greater than what?

MR. ALENA: Greater than any other witness. Would you be more apt to be-

lieve a police officer solely because he is a police officer?

DORIS HUMPHREY: I think they have more information.

MR. ALENA: Your name again is Mrs. Humphrey?

DORIS HUMPHREY: Yes. They should know what they are talking about.

MR. ALENA: Well, do you think that because of the fact that—I am going to ask you this again, based on that answer. Do you think that because one of the witnesses in this case is a Kansas City Missouri police officer, as the prosecutor stated, would you give more weight to his testimony than, say, to the testimony of the defendant or the testimony of the victim or the testimony of any other defendant's witnesses?

DORIS HUMPHREY: Well, I would think that he is trained, you know, in this type of thing and I think yes, that he should have—

MR. SCHAFFER: May I inquire if Mr. Alena is finished?

THE COURT: You don't need to. Step up here.

(COUNSEL APPROACHED THE BENCH AND THE FOLLOWING PROCEEDINGS WERE HAD:)

THE COURT: Are you going to strike her?

MR. ALENA: Judge, I would ask that she be stricken for cause based on—

THE COURT: Overruled. Absolutely no basis for it. Go ahead.

(THE PROCEEDINGS RETURNED TO OPEN COURT.)

MR. SCHAFFER: Mrs. Humphrey, you mentioned before that your nephew was with the highway patrol?

DORIS HUMPHREY: It's a cousin.

MR. SCHAFFER: A cousin. I assume because of that you know they go through extensive training.

DORIS HUMPHREY: Yes.

MR. SCHAFFER: What I gather from what you're saying is because of their training, when they are testifying about the things they are trained about, you have an inclination to believe that they would know more than the average person about that area, is that correct?

DORIS HUMPHREY: Yes, I do.

MR. SCHAFFER: But as far as when they are talking about whether red is red or blue is blue like everybody knows, you would give them the same weight, is that correct; you would give them special weight to those things that they are trained to know and pay attention about.

DORIS HUMPHREY: Yes.

MR. SCHAFFER: And those things that they would have seen that they weren't specifically trained for, you would accept them just like any other person who takes the oath and says what they know, is that what you're saying, ma'am?

DORIS HUMPHREY: Yes."

Veniremen Parker and James then stated that they felt like Humphrey did. Then the matter proceeded as follows:

"MR. SCHAFFER: Your Honor, before we proceed with any more questioning, I think the jury should understand that they needn't feel guilty about having the attitude that a person who is trained in special areas of life is entitled or could be given more credibility than other persons who are not so trained.

THE COURT: Of course not, but I don't understand Mr. Parker's answer that he doesn't think that would prejudice or bias him. I don't quite understand that, so if you want to question about that later on. . . .

\*   \*   \*   \*   \*   \*

Do you all understand that under the law, as Mr. Schaffer said, the fact that the defendant has been charged with a crime does not mean or proves he is guilty of a crime? Does anybody have any problems accepting that? In other words, do any of you feel that merely because the defendant is here charged with robbery in the first degree that he must have done it? Anybody in this section?

DORIS HUMPHREY: I feel like there is a lot of credence for it if he has been arrested.

MR. ALENA: In other words, you feel that merely because he has been charged, he must be guilty?

DORIS HUMPHREY: Well, no, not to that extent but I feel like there is certainly a lot that points toward it.

MR. ALENA: Could you put any of these feelings aside and wait until you have heard all of the evidence in this case before forming or expressing an opinion of the defendant's guilt?

DORIS HUMPHREY: I suppose. I don't—

MR. ALENA: Do you think—

THE COURT: I'm sorry, I didn't hear your answer.

DORIS HUMPHREY: I didn't answer.

THE COURT: Would you answer that question, please?

DORIS HUMPHREY: I think maybe I could.

THE COURT: When you say you think and maybe you could, are you expressing some reservation about that?

DORIS HUMPHREY: Yes.

THE COURT: I see. Go ahead.

MR. ALENA: I'm not quite sure. Do you believe you could set aside the fact of the arrest and him being here and base your decision solely on the evidence that you hear from the witnesses produced by both the prosecutor and myself?

DORIS HUMPHREY: I would certainly try.

MR. ALENA: In good conscience, do you think you could?

DORIS HUMPHREY: Yes.

MR. ALENA: I saw some other hands. Miss Ocheskey?

MARY OCHESKEY: I just feel like her, too. I mean you don't get arrested unless there is evidence, but I would wait until it's all presented, but I mean, you wouldn't come out and arrest me because somebody got robbed in that part of the neighborhood, and said you were there.

MR. ALENA: In other words, you think by the fact that Timothy Harrell is here, he must be guilty?

MARY OCHESKEY: There has to be evidence there or he wouldn't be here.

MR. ALENA: Then could you wait, in good conscience, until you have heard all of the evidence in the case to decide whether or not he was guilty or innocent?

MARY OCHESKEY: Yes.

MR. ALENA: You don't think your preconceived feelings would interfere with your reaching a not guilty verdict if the prosecutor does not in fact prove Timothy Harrell guilty beyond a reasonable doubt?

MARY OCHESKEY: Right now I don't have any feelings one way or the other because I know nothing about the facts. That he has been arrested is all there is evidence.

MR. ALENA: And you think that's enough to indicate he might be guilty?

MARY OCHESKEY: It's strong.

MR. ALENA: Could you put that feeling aside?

MARY OCHESKEY: Yes, I could, yes.

MR. ALENA: That wouldn't give you any problems with your conscience or anything?

MARY OCHESKEY: No."

After some intervening interrogation by counsel, the trial court returned to the subject of whether the mere fact of the defendant being charged should be considered as evidence against him. The following occurred at that point:

"THE COURT: Let me ask this question of the jury and particularly Mrs. Humphrey and Mrs. Ocheskey; the fact that the defendant has been charged with an offense is not evidence and it creates no inference that any offense was committed or that the defendant is guilty. In the event you were chosen as a juror in this case, could you follow that rule of law? Do we have anybody that would have any problem following that rule of law?

MARY OCHESKEY: No. I said yes on what he said meaning—

THE COURT: Yes, I rephrased it because I wanted only no answers. Would anybody have any problem with that rule of law? Okay. Thank you.

And Mrs. Humphrey, do you understand what I said there?

DORIS HUMPHREY: You're saying he is innocent until proven otherwise.

THE COURT: Unless and until the jury finds him guilty, he has the presumption of innocence and the fact that he has been charged is not evidence and will not be presented as evidence to prove guilt. The formality of a charge is not evidence that can cause or allow the jury to think that the defendant is guilty. Can you follow that?

DORIS HUMPHREY: Yes."

On the basis of the foregoing, defendant moved to strike venirewomen Humphrey and Ocheskey for cause. Those motions were overruled. Defendant also moved to strike the entire panel, and that motion was also overruled. These rulings constitute the points relied upon for reversal by defendant on this appeal.

■ With respect to the refusal to strike Humphrey and Ocheskey, defendant contends that each of those venirewomen was disposed to attach weight to the mere fact that defendant had been arrested and charged with the crime. Not infrequently a prospective juror states initially on voir dire examination that he does have such a predisposition. However, when the correct rule of law is explained, the venireman may then state his agreement with and willingness to follow the proper principles. The trial judge is then free to conclude that the examination as a whole has adequately eliminated the objection raised by the original answer, and it will then not be an abuse of discretion for the trial judge to overrule a motion to strike the venireman in question for cause. *State v. Garrett*, 627 S.W.2d 635 (Mo. banc 1982); *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977); *State v. Ford*, 495 S.W.2d 408 (Mo. banc 1973).

So it is here. After the initial answers had been given by these venirewomen, the trial judge instructed them in the plainest possible terms that "the fact that the defendant has been charged with an offense is not evidence and it creates no inference that any offense was committed or that the defendant is guilty . . . he has the presumption of innocence and the fact that he has been charged is not evidence . . . The formality of a charge is not evidence that can cause or allow the jury to think that the defendant is guilty." These venirewomen indicated that they understood and would not have any problem following that rule of law. Under these circumstances the court could properly conclude that these venirewomen were not disqualified, and it was not an abuse of discretion to refuse to strike them for cause.

With respect to both Humphrey and Ocheskey, defendant further argues that each of them had a predisposition in favor of accepting testimony by police officers as compared to lay witnesses. This objection has not been properly preserved. Defendant's motion for new trial complained that Humphrey and Ocheskey should have been stricken for cause because of their expressions to the effect that the mere charge filed against defendant could be accepted as some evidence of his guilt. The motion did not mention any complaint of a predisposition on the part of these venirewomen to favor police testimony.

But regardless of that procedural point, there is no merit in this objection. In numerous cases a venireman has initially expressed a tendency to believe a police officer over other witnesses but on further questioning indicated an ability to evaluate all testimony by the same standard; and in such cases no error has been found by reason of the trial court's overruling a challenge for cause. *State v. Ealy*, 624 S.W.2d 490 (Mo.App.1981); *State v. Cuckovich*, 485 S.W.2d 16 (Mo. banc 1972); *State v. Dickerson*, 588 S.W.2d 190 (Mo.App.1979); *State v. Pitchford*, 556 S.W.2d 57 (Mo.App.1977); *State v. Shields*, 619 S.W.2d 937 (Mo.App. 1981); *State v. Wraggs*, 512 S.W.2d 257 (Mo.App.1974).

In the present case the voir dire examination as a whole showed that these venirewomen would give preference to police testimony only in an area in which the police witness had the benefit of special training. It is part of a juror's privilege and duty to take such an element into consideration in evaluating the credibility of a witness. See *State v. Dickerson, supra; State v. Shields, supra;* MAI–CR 2d No. 2.01.

Moreover, the essential elements of the state's case were proved in the present case by the testimony of the victim. Police testimony was of only relatively minor importance, consisting of a description of the circumstances surrounding and actions which transpired at the time of defendant's arrest. This factor may properly be taken into consideration. *State v. Cuckovich, supra.*

■ As to Humphrey only, defendant argues still further that this venirewoman was disqualified because of her relationship to a cousin serving on the highway patrol. This complaint was not properly preserved in the motion for new trial. Regardless of that, the complaint has no merit. A mere relationship to law enforcement is not in and of itself disqualifying. *State v. Cashman,* 485 S.W.2d 431 (Mo.1972); *State v. Wraggs, supra.* It is to be noted that Humphrey was asked whether the relationship would influence her in any way, to which Humphrey answered in the negative.

■ For defendant's final point, he argues that the entire panel should have been disqualified on the ground that answers by Humphrey, Ocheskey, Sipes, Confer, Downs, Parker and James, together with remarks of the prosecuting attorney and by the judge[1] during the voir dire, all combined to taint the entire panel. It is well settled that answers by a particular venireman sufficient to disqualify him does not necessarily require disqualification of the balance of the panel. *State v. Smith,* 586 S.W.2d 399 (Mo.App.1979). In order for such answers to have that effect, they must be so inflam-

matory and prejudicial that it can be said that a right to a fair trial has been infringed. *State v. Weidlich,* 269 S.W.2d 69 (Mo. 1954); *State v. Smith, supra.* Neither the statements made by members of the venire panel nor the remarks of the prosecuting attorney and of the judge, separately or collectively, approached having such an effect.

The judgment is affirmed.

All concur.

---

1. In addition to remarks by the trial judge quoted above in this opinion, defendant also refers to comments by the judge made to the lawyers outside the hearing of the prospective jurors. The latter remarks, not having been heard by the venire, could hardly have affected them.