**STATE of Missouri, Plaintiff-Respondent,**

v.

**Rodney Lee LINCOLN, Defendant-Appellant.**

No. 47955.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 14, 1986.

Motion For Rehearing and/or Transfer Denied Feb. 18, 1986.

Application to Transfer Denied March 25, 1986.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, John J. Oldenburg, Mary Elise Burnett, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Rodney Lee Lincoln, was charged with one count of capital murder, § 565.001 RSMo 1978, and two counts of first degree assault, § 565.050 RSMo 1978. A jury found defendant guilty of the lesser included offense of manslaughter under the murder count and guilty of the two counts for first degree assault. He was sentenced as a persistent offender to fifteen years for the manslaughter to run consecutive to two consecutive life terms for his assault convictions.

Defendant contends: (1) the trial court abused its discretion in finding that an eight-year old child witness was competent to testify because the child's memory was insufficient to retain an independent recollection of observations made; and (2) the trial court erred in admitting testimony concerning a four-year old's conduct at a pretrial lineup and at an identification photo display. We find no merit in either contention and affirm the judgment.

Defendant does not challenge the sufficiency of the evidence from which a jury could reasonably find that defendant murdered Joanne Tate and brutally stabbed her two children, Melissa Davis, age eight, and Renee Tate, age four. Defendant denies the offenses for which he was charged. A brief recital of the facts leading to this appeal will suffice.

On April 27, 1982, Joanne Tate and her two daughters were at home on a first floor apartment in a multi-family flat located in St. Louis, Missouri. About 4:00 a.m., an upstairs neighbor heard a loud "bang" from the victim's apartment. About 10:00 a.m., Mr. Gerald Woodward, Joanne Tate's boyfriend, and Nathaniel Clenney, Ms. Tate's brother, drove to her apartment. They entered the door and saw her lying dead face down in a pool of blood. Melissa

Davis and Renee Tate were found lying in a bed covered with blood. They both had multiple stab wounds.

At trial Melissa Davis, age 8, testified she was awakened on the night of the incident by a scream. Melissa saw her mother lying on the floor on her stomach surrounded by blood and a naked man standing over her. Melissa testified the man "came over to my bed and picked me up ... took me into Mother's room ... started taking my clothes off ... put my legs on his hips ... and started hurting me." The man stabbed her approximately eight times. Melissa played "possum" and the man stopped stabbing her and went into the kitchen to wash off the knife. Melissa then heard the man "hurting" her sister. Melissa subsequently fell asleep and in the morning found the man was gone.

After a composite drawing of the suspect was made and released to the news media, two of Joanne Tate's relatives saw the drawing and identified the man. A photograph of the suspect in a photo display was shown to Melissa who identified the person in the photograph as the defendant. Officer Burgoon testified that when the photographic display was shown to Renee Tate, age 4, "[s]he threw the [defendant's] photograph down on the table and covered up her eyes with her hands." Melissa later positively identified defendant as her assailant at a four-person lineup at the police station. The children's grandmother, Lue Clenney, testified that when Renee looked at the lineup "[s]he just hid her face and wouldn't look." Defendant timely made a three-prong objection to the testimony of Lue Clenney as to Renee's conduct at the lineup identification. Officer Burgoon subsequently testified that when Renee viewed the lineup "[s]he turned her head away and rested it on my shoulder." This testimony came into evidence without objection.

■ Defendant asserts the trial court abused its discretion in determining that Melissa, an eight-year old, was competent to testify because her memory was insufficient to retain an independent recollection of her observations of the incident. A finding of competency is a matter within the tri-al court's discretion and will not be disturbed except upon a showing of clear abuse of that discretion. *State v. Smith*, 641 S.W.2d 463, 466 (Mo.App.1982). Our review encompasses an examination of the competency hearing and the examination of trial testimony. *State v. Grady*, 649 S.W.2d 240, 243 (Mo.App.1983).

The state argues and we find defendant failed to preserve this point by raising a timely objection. Although not requested we review defendant's alleged error as plain error under Rule 30.20.

■ At the competency hearing of Melissa the trial court asked questions sufficient to establish the competency of the child witness. The test of competency of a child of tender years includes four essential elements:

(1) Present understanding of or intelligence to understand, on instructions, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation.

*Hildreth v. Key*, 341 S.W.2d 601, 609 (Mo. App.1960), and cases cited therein. We find the trial court complied with the four-part test enunciated in *Key* and correctly determined Melissa Davis was competent to testify. We find no trial court error plain or otherwise. Point denied.

■ Defendant's other point charges trial court error in admitting Lue Clenney's testimony relating to Renee Tate's reaction when viewing a pretrial lineup, and admitting Officer Burgoon's testimony concerning Renee Tate's actions upon viewing a photograph of the defendant. Defendant objected only to Lue Clenney's testimony asserting a hearsay objection but did not object to the testimony of Officer Burgoon. Defendant's failure to object to Officer Burgoon's testimony results in a failure to preserve the issue for review. *State v. Shields*, 619 S.W.2d 937, 940 (Mo.App. 1981). Unpreserved error may be reviewed only as plain error under Rule 30.20(b). *Id.*

Under a plain error standard of review allegedly wrongful admission of hearsay testimony does not constitute plain error if such testimony is merely cumulative to other evidence properly admitted. *State v. Repp*, 603 S.W.2d 569, 571 (Mo. banc 1980).

■ Although defendant made a timely objection to the testimony of Lue Clenney such testimony cannot be prejudicial to defendant as it is merely cumulative to the unobjected testimony of Officer Burgoon. We find that the admission of Lue Clenney's testimony did not result in manifest injustice or a miscarriage of justice under the plain error rule because any identification evidence which may have resulted from the testimony of Lue Clenney and Officer Burgoon as to Renee Tate's reaction at the lineup and photographic display are cumulative to the eyewitness testimony of Melissa, and the identification through the composite drawing. We find no prejudice resulted to the defendant under the circumstances.

Judgment affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.