STATE of Missouri, Respondent,

v.

Cornel M. JONES, a/k/a John Watson
and Michael Bayhnam, Appellant.

No. WD 37081.

Missouri Court of Appeals,
Western District.

Aug. 6, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 25, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Sean O'Brien, Public Defender, Bruce R. Anderson, Kansas City, Asst. Public Defender, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Paula Fridkin, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, J., Presiding, and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Defendant appeals from his jury conviction of stealing over $150, § 570.030, RSMo Supp.1984. The jury imposed a sentence of one year's imprisonment in the county jail and assessed a fine, which was set at $5,000 by the trial court.

The defendant entered a jewelry store and asked to see a $6,500 diamond ring. He attempted to place the ring on his finger but could not. The clerk removed the price tag and then the defendant was able to put the ring on his finger. The defendant feigned an inability to remove the ring, and the clerk went to the back of the store to obtain hand cream. Meanwhile, the defendant left the store. When the clerk observed defendant walking out the door, the clerk gave chase and yelled for someone to stop defendant. Defendant was stopped and detained by two passersby within sight of the store. The defendant was searched but the ring was never found. A police detective questioned the defendant after having given him proper Miranda warnings. The defendant said he did not take the ring but knew who did and would retrieve the ring if he were not prosecuted. At trial the defendant did not deny making the statements attributed to him but said that they were untrue and he claimed to have made them only because he

was "scared" and wanted to return to work.

The defendant first complains that the trial court erred in sustaining the state's objection to the following question on voir dire: "Does anyone here believe that the mere fact that a police officer, or someone involved in law enforcement and wears a badge, that he would be more truthful than any other person that would be called to testify?" The defendant made no further effort to rephrase the question or ask any different questions concerning the same subject.

 Defendant contends that the court's ruling deprived defendant of the right to examine the jurors to determine whether any bias existed in their minds in favor of police officers' testimony. The trial judge's ruling cannot be expanded to a blanket prohibition of questioning of any kind concerning the attitudes of the panel members. The defendant's failure to attempt to pursue the matter with additional questions makes his present complaint of inability to question on the subject unpersuasive. The defendant had, in fact, vigorously examined several veniremen who knew police officers concerning any bias arising from those relationships. A juror's bias towards police officer testimony, whether the bias exists in favor of all police or an individual witness, disqualifies the venireman. *State v. Owens*, 620 S.W.2d 448, 450 (Mo.App.1981); *State v. Butler*, 660 S.W.2d 225, 227 (Mo.App.1983). The defendant is undoubtedly entitled to inquire concerning the existence of such a bias when a police officer will be a witness *and* the credibility of the officer's testimony is at issue.

 The state argues that the question was argumentative and that the trial court therefore properly sustained the objection. The argument is dubious, but the question need not be addressed. The court should have permitted reasonable inquiry concerning possible bias of veniremen towards police testimony. Assuming that the ruling of the court was erroneous, it is not error which requires reversal.

It has been held in cases where a partiality toward police officer testimony *per se* was expressed by veniremen who were not excused for cause that "reversal is required only if the defendant has been prejudiced." *State v. Draper*, 675 S.W.2d 863, 865 (Mo. banc 1984). Instances in which reversal was not warranted have included cases where the police officer's testimony was not paramount in proving the essential elements of the state's case, *State v. Butler*, 660 S.W.2d at 228; *State v. Harrell*, 637 S.W.2d 752, 757 (Mo.App.1982), cases where the police officer testimony was of relatively little importance, and dealt with innocuous matters such as the circumstances surrounding the defendant's arrest, *State v. Harrell*, 637 S.W.2d at 757, cases where the more important evidence came from other witnesses, *State v. Cuckovich*, 485 S.W.2d 16, 23 (Mo. banc 1972); *State v. Daniels*, 629 S.W.2d 627, 630 (Mo.App. 1982), and cases where the police officer did not testify to a truly contested issue in the case. *State v. Smith*, 649 S.W.2d 417, 424 (Mo. banc), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983).

By analogy there is no prejudice in the instant case. Two officers testified. One was an arresting officer who did not testify to any controverted fact. The other was the detective who told the jury about the defendant's statement. The defendant *did not deny* the statement was made; in fact, he admitted making the statement. The credibility of the officers was not in issue in any way. No bias in favor of the police testimony could have prejudiced the defendant and there is no basis for reversal in the court's ruling on the voir dire question.

Defendant raises as a matter of plain error a claim that MAI–CR 2d 1.02 and MAI–CR 2d 2.20 unconstitutionally define reasonable doubt in violation of the due process clause of the XIVth Amendment of the Federal Constitution and of Article I, Section 10 of the Missouri Constitution. This court has determined that there is no manifest injustice arising from the use of

these instructions. *State v. Weatherspoon,* 716 S.W.2d 379 (Mo.App.1986).

The judgment of conviction and sentence is affirmed.

All concur.