

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

RODNEY LEE LINCOLN, )   No. ED100987
)
    Appellant, )   Appeal from the Circuit Court
)   of the City of St. Louis
vs. )
)
STATE OF MISSOURI, )   Hon. Robin R. Vannoy
)
    Respondent. )   FILED:  December 2, 2014

Rodney Lee Lincoln ("Movant") appeals from the judgment of the motion court that denied his Amended Motion for Release pursuant to section 547.037 RSMo (Cum. Supp. 2004).[1] Movant contends that the motion court clearly erred denying his Amended Motion for Release because DNA testing proved that the expert hair comparison evidence was false, and that he is more likely than not to be innocent, such that no rational finder of fact could fairly find him guilty beyond a reasonable doubt of the crimes.  Movant also argues that the State of Missouri should be estopped from pursuing a new theory of the crime that is factually inconsistent with the State's  theory of the case.  The State responds that the lack of a DNA hair match did not demonstrate Movant's innocence by a preponderance of the evidence, and that it was the eyewitness identification and testimony by one of the victims that was the crux of Movant's convictions.  Finding no error, we affirm.

---

[1] All further statutory citations are to RSMo (Cum. Supp. 2004) unless noted otherwise.

On April 27, 1982, Joanne Tate and her two daughters were at home in a first-floor apartment in a multi-family flat.[2] At approximately 4:00 a.m., an upstairs neighbor heard a loud noise from Tate's apartment. Around 10:00 a.m., Tate's brother and her boyfriend entered the apartment and found her dead, lying face down in a pool of blood. Tate's two daughters, M.D. and R.T., were lying in a bed, covered in blood, both with multiple stab wounds.

M.D. and R.T. were interviewed by the police, and a composite drawing was made and released to the media. Movant was identified by two of Tate's relatives, and M.D., then age 7, identified a photograph of Movant in a photo display. She later identified Movant as her attacker in a four-person lineup at the police station. At trial she testified that on the night of the murder, she woke up when she heard a scream, and she saw her mother laying down on her stomach in a pool of blood near the door to her bedroom. She stated that she saw a naked man, who came over to her bed, picked her up, and carried her to Tate's bedroom, put her on the bed and removed her clothes. She said he tried to get her "to do a few things." He began to hurt her by stabbing her repeatedly, and she tried to play dead until he stopped. She testified that he washed off the knife, and she hid under R.T.'s bed. She heard him hurt her sister. She stated that she got a good look at the killer when she was in Tate's bedroom. M.D. said that she did not recall his name at that time, but she remembered seeing him prior to that night, and a long time ago, Tate, M.D., and R.T. spent the night at Movant's house, which was across from a park with a playground. She said that Movant's mother and some pets lived at his house. She identified the playground at the park from photos.

---

[2] The statement of facts regarding the crime prior to the events of the trial are derived from the statement of facts set forth in the direct appeal following Movant's convictions in State v. Lincoln, 705 S.W.2d 576, 577-578 (Mo. App. 1986). Movant also filed a motion for post-conviction relief pursuant to Rule 27.26 that was denied by this Court in Lincoln v. State, 755 S.W.2d 706 (Mo. App. 1988).