PRITCHARD, Commissioner.

**STATE of Missouri, Respondent,**

v.

**Alvin MARTIN, Appellant.**

No. 53683.

Vincent S. Moody, St. Louis, for appellant.

The issue here is whether there is reversible error in the failure of an interrogating police officer to give the warnings required in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, prior to eliciting an *exculpatory* statement from appellant, who was in custody.

Appellant was convicted of the offense of possession of a narcotic drug: Cannabis Sativa, also called marijuana, by a verdict of a jury. Upon a finding of prior convictions, appellant was sentenced by the court to five years imprisonment in the Department of Corrections.

On September 28, 1967, at about 10:45 p. m., officers Michael Brooks and Herbert H. Anderson were driving north in a marked police car on Hamilton at Delmar Boulevard in St. Louis. They observed a 1962 black Corvair also going north, and the officers pulled in behind it. There were three persons in the Corvair, and the passenger (appellant) in the front seat turned around and looked at the police officers and their police car. He then turned back around and threw a foil packet from the car. The officers put on the red light and stopped the Corvair, about 60 feet past where the packet was thrown, and in front of 860 Hamilton. Brooks got out of the car and walked back and picked up the packet, examined it, and found in it a reefer cigarette and a green vegetable substance which he believed to be marijuana. Brooks then walked back to the Corvair and placed appellant under arrest for possession of what he believed to be marijuana. The other two persons in the Corvair were placed under arrest for suspicion of possession of marijuana.

The three persons were then immediately taken to the Seventh District Station where they were questioned in regard to the packet, "at which time all three subjects denied any knowledge." Appellant's clothing was taken from him and placed in one envelope, the packet in another, and both were locked in a safe by officer Brooks. On cross-examination by appel-

lant's counsel, officer Brooks testified: "Q. Now, when you got these boys to the Seventh District and booked them, did you talk to them? A. Yes, we talked to them. Q. All three of them? A. Yes, sir. Q. And, what was the defendant's— did you interrogate him? A. Questioned him. Yes, sir. Q. What did you ask him? MR. THALLER: Objection, Your Honor. May we approach the bench?" At this time the court stated to counsel (outside of the hearing of the jury) that "Under Miranda neither incriminating or [nor] exculpatory statements can be shown until it's been established that he was given his constitutional warnings." "Determine whether you want to ask that question or not. If so, why we'll bring the witness back in and find out whether he gave him his constitutional warnings—." Officer Brooks was never asked whether any Miranda warnings were given appellant.

The laboratory criminalist testified that the foil packet contained marijuana, and debris found in the right front pocket of appellant's trousers also contained marijuana.

Appellant testified, after being advised by the court that he could not be compelled to do so, and that if he did testify the state would have the privilege of questioning him concerning prior convictions (evidence of which had been theretofore presented outside the hearing of the jury). On the night of September 28th he was at a tavern and left there with two other persons in a Corvair. He did not have any marijuana on his person while at the tavern or when he left there, and to his knowledge neither did his two companions have any. Appellant was sitting in the middle of the front seat of the Corvair with Anderson sitting on the right-hand side. The police stopped them at the corner of Enright and Hamilton. Appellant never saw the police car behind him before the Corvair pulled over to the curb. He did not at any time throw anything out of the car. He did not see either officer go back on Hamilton and look for anything. The officer did not

show the tin-foil packet to anybody standing there; if he did appellant did not see him, and did not know that he had it. The tin-foil packet was not in appellant's possession on September 28, 1967, nor was it or the reefer cigarette thrown by him out of the car.

In the Miranda case, supra, loc. cit. 86 S.Ct. 1612 [3–9], the court said, "Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Elaborating, loc. cit. 86 S.Ct. 1629 [58–60], the court went on: "The warnings required and the waiver necessary in accordance with our opinion today are, in the absence of a fully effective equivalent, prerequisites to the admissibility of any statement made by a defendant. No distinction can be drawn between statements which are direct confessions and statements which amount to 'admissions' of part or all of an offense. The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination. Similarly, for precisely the same reason, no distinction may be drawn between inculpatory statements and statements alleged to be merely 'exculpatory.' If a statement made were in fact truly exculpatory it would, of course, never be used by the prosecution. In fact, statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial or to demonstrate untruths in the statement given under interrogation and thus to prove guilt by implication. These statements are incriminating in any meaningful sense of the word and may not be used without the full warnings and effective waiver required for any other statement. In *Escobedo* itself, the defendant fully intended his accusation of another as the slayer to be exculpatory as to himself."

In this case, the only place in the record where a statement made by appellant, tending to be exculpatory in nature, is alluded to is in the testimony on direct examination by the state of officer Brooks. He testified that appellant and his two companions were questioned in regard to the packet (of marijuana), and all three "denied any knowledge." There was no objection whatsoever to this testimony; there was no inquiry as to whether Miranda warnings were given by the officers to appellant; there was no motion to strike the testimony, or a request for a mistrial. The next time the matter came up was in the cross-examination of officer Brooks by appellant's counsel, when apparently he sought to bring out an exculpatory statement given by appellant during custodial interrogation. The witness was never then or thereafter asked if the Miranda warnings were given as suggested by the court below.

No motion for new trial was filed by appellant, which, as appears by the post-trial proceedings at the time of sentencing, was at the direction of appellant to his counsel: "THE COURT: Did you tell your counsel that you didn't want to file a motion for new trial? MR. MARTIN: Yes, sir. I didn't know any better. I didn't know that could—go to the Supreme Court. THE COURT: Didn't your counsel come over and tell you? MR. MARTIN: He told me if I got a new trial it would probably be the same thing. THE COURT: Did he tell you that you had a right to file a motion for new trial? MR. MARTIN: Yeah. THE COURT: And, did he ask you whether you wanted to file one or not? MR. MARTIN: Yes, sir. THE COURT: And, you indicated to him that you did not? MR. MARTIN: Yeah, but I do now though."

■ Appellant relies upon the "record proper" in presenting his sole point of the necessity of the Miranda warnings being given here to make the exculpatory state-ment, denying knowledge, admissible in evidence. In the Miranda case, in connection with the review of Westover v. United States, No. 761, it was said that the failure of defense counsel to object to the introduction of the confession at trial did not preclude the court's consideration of the issue, and did not constitute a waiver of the claim. Here, the matter may be likewise considered under Supreme Court Rule 27.-20(c), V.A.M.R. Compare State v. Williams, Mo., 419 S.W.2d 49, 53 [7].

■ Under all of the record of the facts in this case there is no discernible prejudice to appellant in the testimony of officer Brooks that appellant and his companions denied any knowledge of the marijuana. The issue was simple—was appellant guilty under the state's evidence, or was he innocent under his own testimony? Although technically inadmissible under the Miranda decision, there was nothing in the officer's testimony which was used to impeach appellant's testimony at trial, or which would tend "to demonstrate untruths in the statement given under interrogation and thus to prove guilt by implication." The exculpatory statement, denying knowledge, did not detract from appellant's version of the facts; it was not derisive or disparaging of that version. The statement given to the officer was not used or alluded to in the final arguments of either counsel. "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 230, 11 L.Ed.2d 171; 5 Am.Jur.2d Appeal and Error, § 798, p. 238. Viewing the state's evidence of appellant's possession of the marijuana, and considering appellant's consistent in-court denials in his testimony, the jury could not have been swayed by the evidence of extrajudicial exculpatory denial of knowledge, and this reviewing court is satisfied beyond a reasonable doubt that the error did not contribute to appellant's conviction. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d

705. There is here no plain error affecting appellant's substantial rights.

Complied with are matters specified in Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, Acting P. J., EAGER, J., and EWING, Special Judge, concur.

FINCH, P. J., not sitting.