**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Steven Gail DANIELS,
Defendant-Appellant.**

**No. 12157.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 14, 1982.

Motion for Rehearing or to Transfer to Supreme Court Overruled Feb. 2, 1982.

Application to Transfer Denied March 16, 1982.

John D. Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Peter N. Sterling, Rolla, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Steven Gail Daniels, was jury-convicted of second degree burglary. The jury recommended a sentence of 90 days in the county jail. The trial judge disregarded the jury's recommendation as to sentence, and assessed defendant's punishment at 12 years' imprisonment, under authority given the trial court by the Second Offender Act. Evidence adduced at the pre-sentence hearing showed that defendant had been convicted, on two prior occasions, of the crimes of second degree burglary. This appeal followed.

Defendant does not question the sufficiency of the evidence to sustain the present conviction. It suffices to say that the trial evidence established beyond a reasonable doubt that defendant unlawfully entered a storage closet on the premises of the Coachlight Motel in Rolla, Missouri, with the intent to steal two cases of "soda."

Defendant's first point of claimed error is that "[t]he trial court abused its discretion and, therefore, erred in its failure to excuse veniremen Hutcheson and Massey upon defendant's challenge for cause based on bias and prejudice."

In answer to a voir dire question by defense counsel as to whether any member of the jury panel had been the victim of a

crime, Hutcheson answered that he had. The following exchange between defense counsel and Hutcheson then transpired:

"Miss Daley: Sir, do you feel that that experience would make it difficult for you to sit on a jury in a criminal case? (Several items of personal property had been stolen from Hutcheson, but he had never gone to court over it.)

Juror Hutcheson: It wouldn't make it difficult but I'd be pretty rough.

Miss Daley: Do you think that you could be fair and impartial?

Juror Hutcheson: Yes, I think I would. I think I'd be fair, but I'd—I'm for law and order.

Miss Daley: Would you tend to give more weight to a police officer than some other witness?

Juror Hutcheson: I probably would.

Miss Daley: Your Honor, I'll ask that that juror be struck for cause."

The trial court did not rule on the request of defense counsel to strike the name of juror Hutcheson for cause at that time.

Prospective juror Massey then stated he "had a car stolen one time", after which the following exchange occurred:

"Miss Daley: Mr. Massey, do you feel that that experience would make it difficult or impossible for you to be fair and impartial in a criminal case?

Juror Massey: Well, I don't think so, but I'm for law and order.

Miss Daley: Would you listen to all of the evidence?

Juror Massey: Yeah, I'd listen to it.

Miss Daley: Would you weigh it fairly or would you tend to give more weight to the State?

Juror Massey: Well, I don't know. I couldn't say hardly for sure about that."

Prospective juror Roberts related that he had been the victim of burglaries on several occasions while he was in the furniture and hardware business. The following exchange between defense counsel and Roberts then occurred:

"Miss Daley: Mr. Roberts, do you feel that that experience would make it difficult for you to be fair in a criminal case?

Juror Roberts: I'm afraid I'd have to give you the same answer as Mr. Hutcheson. I'm for law and order and I'd be—

Miss Daley: Well, Mr. Roberts, if—would you presume someone guilty or would you give them the benefit of a doubt?

Juror Roberts: I'd give—I would go on the facts presented. Maybe I should change that to 'supposedly facts.'"

A bench conference between counsel and the trial court was then held. What transpired at the conference is not in the record. Immediately thereafter, the following exchange occurred between the trial court with Roberts, Hutcheson and Massey:

"The Court: Mr. Roberts and Mr. Hutcheson and Mr. Massey, I direct these—this—these questions to all three of you:

The mere fact that you say that you're for law and order—I believe you've already told the Court that you could follow the instructions which the Court read to you that you would follow the instruction which says that the defendant is presumed to be innocent and that this presumption remains until you, by your verdict, say that he's guilty. Now, the mere fact that you gentlemen are for law and order doesn't mean that you're gonna convict some innocent person of a crime just merely because they're charged with some criminal offense, do you?

Juror Roberts: You direct your question to me?

The Court: Yes, I'm directing it to you, Mr. Roberts.

Juror Roberts: I would have to—I'd weigh the evidence presented, sir.

The Court: I say: You wouldn't convict a man—

Juror Roberts: No, sir.

The Court:—just because he was charged with a crime, unless the State would prove his guilt beyond a reasonable doubt?

Juror Roberts: In my own mind he'd have to be proven guilty.

Juror Hutcheson: I feel the same way.

The Court: And Mr. Massey?

Juror Massey: I feel the same way, Your Honor."

The trial court then denied the request of defense counsel to strike for cause the names of Roberts, Hutcheson and Massey from the jury list.

 The record before us does not show whether Hutcheson or Massey actually served on the jury, but a defendant who seeks review of a trial court's denial of his challenge for cause need not, as a predicate for review, show that he used a peremptory challenge to dispose of a venireman, or that the challenged venireman actually served. *State v. Morrison*, 557 S.W.2d 445, 447 (Mo. banc 1977). A defendant in a criminal case is entitled to a panel of qualified jurors before he is required to make his peremptory challenges. *State v. Land*, 478 S.W.2d 290, 292 (Mo.1972). The trial court has wide discretion in determining the qualifications of a venireman, and its ruling on a challenge for cause will not be disturbed in the absence of a clear abuse of discretion. *State v. Treadway*, 558 S.W.2d 646, 649 (Mo.banc 1977). The trial judge is in a far better position to make a determination as to the qualifications of a potential juror than we are, as his determination necessarily involves a judgment based on an observation of the demeanor of the venireman, as well as what he says, while we must depend on a cold record. *State v. Harris*, 425 S.W.2d 148, 155 (Mo.1968). For this reason, any doubt as to the propriety of the trial judge's ruling should be resolved in his favor. *State v. Thrift*, 588 S.W.2d 525, 528 (Mo.App.1979).

 The answers of veniremen Roberts, Hutcheson and Massey, to questions propounded to them by the trial court and by defense counsel, taken as a whole do not, in our opinion, show any prejudicial bias or prejudice towards defendant, or any other person charged with a crime. All three stated defendant would have to be proven guilty before they would convict. In addi-

tion, juror Hutcheson's response that he "probably" would tend to give more weight to the testimony of a police officer than some other witness does not amount to prejudicial error in this case. The more important evidence was obtained from the motel operators, who were Mr. and Mrs. Schneider. Mrs. Schneider gave a police officer the description of the individual she saw by the closet, and identified the defendant as that person in a photographic lineup and again at trial. Mr. Schneider related how he had obtained the license plate number of the vehicle in which defendant was attempting to flee. The police officer merely ran a license number check, which showed defendant as co-owner, and later provided photographs of defendant to Mrs. Schneider for viewing and so testified. More importantly, Hutcheson responded that even though he perhaps would tend to give more weight to the testimony of a police officer than someone else, he related that he would be fair. We find no reversible error in this regard. *State v. Cuckovich*, 485 S.W.2d 16, 22–23 (Mo.banc 1972). The trial court did not abuse its discretion in denying the challenges in question. The point is denied.

 Defendant's remaining point is that the trial court erred in sentencing defendant as a persistent offender for the reason that the trial court did not first make specific findings as to the existence of a basis for an extended term as required by § 558.021 [1], and therefore, "the court failed to acquire the jurisdiction to impose an extended term." The point has no merit. Section 558.021 provides that:

"1. The court shall not impose an extended term under section 558.016 unless

(1) The indictment or information, original, amended or in lieu of an indictment, pleads all essential facts warranting imposition of an extended term; and

(2) After a finding of guilty or a plea of guilty, a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open

---

1. All references to statutes are to RSMo 1978.

court with full rights of confrontation and cross-examination, and with the defendant having the opportunity to present evidence; and

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect."

Here, the amended information, on which defendant was tried, recited that defendant had been twice previously convicted of felonies, committed at different times and not related to the instant crime as a single criminal episode. It stated that one of the convictions was in Phelps County on June 7, 1971, while the other was in Crawford County on October 3, 1973. The information specified the nature of the crimes in question.

After defendant was found guilty by the jury, the court held a sentencing hearing, at which time evidence was introduced verifying the convictions alleged in the information. The hearing was held in open court, with defendant being given full rights of confrontation, cross-examination, and the opportunity to present evidence in his own behalf. After the hearing, the trial court made specific findings which appear on the trial court's docket sheet under date of February 3, 1981, which read as follows:

"State appears—Defendant appears in person and with his court appointed attorney—Evidence received as to former convictions and court finds that on June 7, 1971 in Phelps Co Mo Deft was convicted of Burglary 2nd Degree and sentenced to 3 yrs in Dept and was released therefrom Feb 2, 1973; that on March 19, 1974, in Crawford County Mo, Deft was convicted of Stealing and his punishment fixed at 2 yrs in the Dept of Corrections—also on same date convicted of Burglary and sentenced for 2 yrs in Dept of Corrections—He was received in the Dept of Corrections and released therefrom May 5, 1975—That he was represented by counsel at these convictions whereupon Court finds that Defendant is a persistant [sic] offender."

Those findings are supported by the evidence received by the court at the pre-sen-

tencing hearing. The trial court complied with the statute, and properly found defendant to be a persistent offender. Defendant's punishment of 12 years' imprisonment assessed by the trial court was within the statutory range. § 558.016.4(2). The point is denied.

The judgment is affirmed.

All concur.