STATE of Missouri, Respondent,

v.

Ricky Jerome GILBERT, Appellant.

No. 44574.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

James G. Gregory, Montgomery City, John Edward Cash, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Convicted of feloniously possessing over 35 grams of marijuana defendant Ricky J. Gilbert appeals. A jury had found him guilty and verdict and judgment fixed his punishment at six months in jail and a $500 fine.

Here, defendant raises a bevy of challenges to his conviction: (1) The verdict director did not follow the charge defendant had acted with others, (2) the evidence did not show the seized marijuana weighed over 35 grams or the defendant had it in his possession, (3) the evidence as to weight entitled him to a misdemeanor instruction on possessing less than 35 grams and (4) the court erred in admitting his incriminating statement "it's my trailer" made without a *Miranda* warning.

The state's evidence: Neighbor O'Rourke had drug detection experience in the army and knew defendant lived alone in the nearby trailer; he saw defendant and three men unloading and taking into defendant's house trailer armsfull of vegetation O'Rourke believed to be marijuana; he reported this to police who got a search warrant. Deputy Sheriff Armstrong and three other officers entered defendant's trailer and seized several batches of marijuana; they saw some of it being cooked and saw two smoking pipes containing warm marijuana. As the officers took defendant and his three companions from the trailer defendant asked the sheriff: "Why are you arresting them? This is my trailer." A state chemist testified he analyzed the seized material and gave his opinion that exclusive of stems the active marijuana weighed more than 35 grams.

Defendant offered no evidence.

We look to defendant's points relied on, first that the verdict director referred only to him and did not follow the charge he had acted with others. The same contention was refuted in *State v. Murray,* 630 S.W.2d 577[4] (Mo. banc 1982). The supreme court held that when, as here, the verdict director permits a defendant's conviction only as an active participant, that narrows the basis for conviction and is advantageous, not harmful, to defendant. First point denied.

■ Next defendant doubly challenges the evidence; that it failed to show the seized marijuana weighed over 35 grams and also that it did not show his actual possession. The chemist's testimony refuted the first contention; as to possession, that was shown both by neighbor O'Rourke's testimony that defendant lived in the trailer alone and by defendant's previously quoted statement "This is my trailer". We hold the evidence refuted defendant's challenge to weight and possession.

■ We now take up defendant's claim he was entitled to a misdemeanor instruction on possessing less than 35 grams of marijuana. There was no such evidence. The state's chemist testified the total weight of the identified plants was 693 grams; of that, 60% was active marijuana; on cross-examination he declared that the active marijuana, as charged, weighed over 35 grams. There was no evidence to support a misdemeanor instruction. Compare *State v. Zimpher,* 552 S.W.2d 345[1] (Mo. App.1977). Point denied.

■ Last, defendant claims error in admitting his incriminating statement the residence was his alone. This was volunteered when he was being taken hand-cuffed from his home. He concedes police had asked him no questions. *Miranda* expressly excludes volunteered statements. The challenged statement was admissible. Compare

*State v. Morris,* 522 S.W.2d 93[8] (Mo.App. 1975).

The judgment is affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.