**STATE of Missouri, Respondent,**

v.

**Gregory J. BUTLER, Appellant.**

**No. WD 33868.**

Missouri Court of Appeals,
Western District.

Aug. 30, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 15, 1983.

Application to Transfer Denied Dec. 20, 1983.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

LOWENSTEIN, Presiding Judge.

Gregory Butler appeals a jury conviction and five year sentence for second degree robbery under Section 569.030 RSMo.[1] The sufficiency of the evidence is not questioned. The victim Ms. Gonzalez had her purse snatched by Butler as she was walking between two houses. Butler grabbed her, spun her around and succeeded in taking her purse and then ran, with the victim

in pursuit. He eluded her and she called police giving a description fitting Butler. Three blocks away from the scene Kansas City Missouri police officer Kathleen Lyons stopped Butler and took him to the scene where Gonzalez identified him as her assailant. Butler had currency in an amount equal to and folded like that previously in the victim's purse. Butler said the money was from a job he had done. He denied the robbery.

Butler's first point of error emanates from the court not dismissing for cause venireperson Clawson at the close of the following voir dire questioning of the panel.

Clawson: I have a brother who's on the police department in Raytown.

\* \* \* \* \* \*

Prosecutor: "... Do you talk to him about his work?"

Clawson: No.

Prosecutor: Would that influence you in this trial, his work?

Clawson: No.

Prosecutor: Do you think you could sit and be a fair and impartial juror?

Clawson: Yeah.

\* \* \* \* \* \*

Clawson: You're asking that because—or the way I feel about one officer, I tend to think of them all that way?

Defense Counsel: Right, for instance, if you think one officer is a truthful, law abiding citizen, would you reach the conclusion that all police officers are that way?

Clawson: Basically I would have to say yes.

Defense Counsel: So if a police officer gets up here—there will be police officers who testify—and takes the stand and gives one version of the facts, would you be more inclined to believe that person because he is a police officer?

Clawson: Yes.

Defense Counsel: Would I then be obliged, if there were a police officer to take the stand, to bring in evidence to con-

1. All statutory references are to Revised Statutes of Missouri 1978.

vince you that that police officer wasn't telling the truth?

Clawson: You mean if you brought evidence that—

Defense Counsel: Well, would you require—assuming I didn't bring any evidence in, would you just automatically believe the man.

Clawson: Yeah.

Defense Counsel: So then I would, in order to convince you that he wasn't telling the truth, have to bring in evidence to show you that he wasn't.

Clawson: Right.

Neither the court nor the prosecutor asked further questions of Clawson. The court's ruling was thus explained, "[s]he just said that she thought police officers tell the truth. That doesn't mean she can't be fair in a trial . . . her answer was that she could be fair." Butler then used a peremptory challenge to exclude her. In *State v. Land,* 478 S.W.2d 290, 292 (Mo.1972) the court noted the law of Missouri is that a criminal defendant is entitled to a full panel of qualified jurors before he has to make his peremptory challenges. *See also State v. Morrison,* 557 S.W.2d 445, 447 (Mo. banc 1977); *State v. Ealy,* 624 S.W.2d 490, 492 (Mo.App.1981).

█ Although not specifically covered in the statutes relating to juror incompetency or being challenged for cause, (Sections 546.120–.150) case law in this state is " . . . where the venireman expresses a fixed partiality toward peace officer testimony per se—as a generic class . . . , the bias of credibility contrary to the interest of the complaintant-litigant disqualifies service as a juror." *State v. Owens,* 620 S.W.2d 448, 450 (Mo.App.1981); *State v. Williams,* 643 S.W.2d 832, 834 (Mo.App.1982).

Balanced against this standard is that law enforcement affiliation, or connection *standing alone* is not sufficient for a challenge for cause, *Williams, supra,* at 834. *State v. Hall,* 612 S.W.2d 782, 785 (Mo. 1981); *State v. Holliman,* 529 S.W.2d 932, 940 (Mo.App.1975).

In this case the answers of the prospective juror reveal uncertainty as to her being impartial. Without independent examination by the trial judge, a more searching review by this court of the juror's qualifications is justified. *State v. Williams, supra,* at 834; *State v. Ealy, supra,* at 493; *State v. Holliman, supra,* at 939.

█ "Errors in the exclusion of potential jurors should always be on the side of caution." *State v. Carter,* 544 S.W.2d 334, 338 (Mo.App.1976). The better practice here would have been to have sustained Butler's challenge. The answers of Clawson, coupled with her association with a policeman, gave a clear indication, despite the willingness to obey court instructions, of giving added weight to a police officer's testimony and putting the defendant in a position of producing stronger or better evidence to offset that testimony than would have been needed where no juror prejudice existed. *State v. Spidle,* 413 S.W.2d 509 (Mo.1967). In *Spidle* however "it was largely the word of the trooper against the word of the defendant as to whether it was assault or self defense, and where the juror entered the case with the opinion the person committing the assault was guilty and believed he would have to take the word of the officer." *Id.* at 513.

Since the testimony of the police officer here (only the victim and she testified) did not provide any of the elements of the state's case and only provided, "a description of the circumstances surrounding and actions which transpired at the time of defendant's arrest[.]", Butler suffered no prejudice. *State v. Harrell,* 637 S.W.2d 752, 757 (Mo.App.1982). *See also State v. Cuckovich,* 485 S.W.2d 16 (Mo. banc 1972), where, "the more important evidence . . . was obtained from witnesses other than police." *Id.* at 23; *State v. Holliman, supra,* 941, " . . . jurors must be carefully selected with an eye toward their ability to determine controverted issues fairly and impartially . . ."; *State v. Daniels,* 629 S.W.2d 627, 630 (Mo.App.1982) where, like *Cuckovich,* the more important evidence was obtained from the victim witnesses.

The victim witness identified Butler and made the state's case. Officer Lyons told of the arrest and of taking Butler to the scene for possible identification. Only because police testimony was not here important or paramount in making the state's case is the error of not excluding Clawson from the jury not to the level requiring reversal. This point is denied.

■ For his second point, Butler claims error in failure to suppress and in admitting an inculpatory statement he made after being taken to the scene by officer Lyons. Lyons had picked him up about 3 blocks from where Gonzalez' purse had been taken. He matched the description given police by the victim. He agreed to return to the scene to be viewed by the victim. The state admits he was "in custody" when the victim came up to the police vehicle and identified him as her assailant. He had not been given his *Miranda* warnings. The victim's testimony was:

> The man was—he was in the squad car with another officer, and the light was on, and I went over to the window and told them that was him, and then *he told me that they told him that I didn't see his face,* and I told him, "I don't care what they told you," that he was the man that stole my purse. (Emphasis added).

The statement of Butler was made immediately after the identification—and not made in response to any police interrogation. Butler's claim of violation of constitutional safeguards relative to *Miranda* warnings do not apply here, as there was no police interrogation although he was in custody. The circumstances and statement here are similar to *State v. Morris,* 522 S.W.2d 93 (Mo.App.1975) where after being arrested and before *Miranda* warnings the accused after uttering an epithet said ". . . how did you get me so fast?" *Id.* at 97. The court said the statement ". . . was spontaneous and voluntary on his part, . . .

not made as the result of any question asked him by any police officer." Such is the situation here. In answer to a question had he made statement about the victim not seeing his face, Butler said, "But I—yes I remember saying something like that." Butler's statement was not in response to police interrogation and was volunteered thus *Miranda* does not apply and the statement was admissible. *State v. Gilbert,* 639 S.W.2d 398, 399 (Mo.App.1982). *State v. Tash,* 528 S.W.2d 775, 781 (Mo.App.1975).[2]

In any event the evidence against Butler was overwhelming. The statement could hardly have been the deciding factor to a guilty verdict. *Compare, State v. Martin,* 433 S.W.2d 565, 567 (Mo.1968).

Butler's reliance upon *State v. Kelly,* 439 S.W.2d 487 (Mo.1969) is misplaced for the reasons enunciated in *State v. Payne,* 639 S.W.2d 597 (Mo. banc 1982). In *Payne* our Supreme Court noted at page 600 that in *Kelly, supra,* the officer was actively participating in a three-way conversation along with the victim and the accused who had asserted his right to remain silent. In *Payne* the defendant's comments overheard while he was calling his girlfriend from the police station were held to be voluntary and made in a situation not compelling an incriminating response from the suspect under *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980); *Payne, supra,* 639 S.W.2d at 600. *Cf. U.S. v. Burgard,* 551 F.2d 190, 193–94 (8th Cir. 1977) where after being placed under arrest and prior to *Miranda* warnings, the accused said without prior interrogation, "what is this all about? Is it about those things I gave him?" This was held to be a voluntary statement not excludeable.

Butler's second point is denied. The judgment is affirmed.

All concur.

2. In *Tisdale v. State,* 30 Md.App. 334, 353 A.2d 653, 660 (1976) the officer arrived at the scene to see a cab driver holding the defendant at bay. When the officer asked "what was going on," the driver said "This guy just robbed me," and the defendant said, "Yes, I robbed him but you all don't understand." The court held this to be a spontaneous utterance, and as such admissible not subject to *Miranda* warnings even if the defendant was in custody at the time of the utterance. *Id.* at 660–61.