**STATE of Missouri, Respondent,**

v.

**Darnell F. MOSBY, Appellant.**

**No. 46792.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 31, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1984.

Michael L. Henderson, Clayton, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of stealing, third offense, a Class C felony. He was sentenced as a persistent offender to ten years' imprisonment. We affirm.

On May 15, 1981, two security officers, who were off-duty police officers, saw defendant and another man leave the Northwest Plaza Famous-Barr Store with a box containing twenty-one pairs of jeans they had not paid for. The men were immediately apprehended by the security officers.

Defendant asserts he was denied a speedy trial. He was charged, on May 15, 1981, with stealing property of a value over $150.00. On September 10, 1982, 483 days later, the case was dismissed, on defendant's motion, for a violation of the 180-day rule. The dismissal was without prejudice. Section 545.780(5), RSMo 1978. The next day, September 11, 1982, defendant was charged with essentially the same offense, stealing, third offense, and was tried on November 29, 1982. The question is

**26** ■ 

whether the trial court abused its discretion by dismissing the case after 483 days without prejudice, rather than with prejudice, for violation of the 180-day rule.

■ Defendant has the burden of demonstrating the trial court abused its discretion by dismissing the case without prejudice. Section 545.780(5) permits the dismissal of a case for violation of the 180-day rule to be with or without prejudice, in the discretion of the trial court. Defendant's motion to dismiss the stealing, third offense charge by reason of a violation of his right to a speedy trial was heard just prior to his trial. The information adduced at this hearing shows the delay was largely occasioned by the defendant, not the state. See *State v. Reed*, 640 S.W.2d 188, 191–92 (Mo.App.1982). While it seems incongruous the defendant could not be tried in September, 1982, because of a violation of § 545.780, but could be tried one month later by refiling essentially the same charge, the statute provides for such a result upon defendant's motion. Defendant has not sustained his burden of showing the dismissal without prejudice was an abuse of discretion. See, *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2191–93, 33 L.Ed.2d 101 (1972). A delay of 483 days does not, in and of itself, mandate a dismissal for prejudice. See e.g. *State v. Campbell*, 612 S.W.2d 371, 374 (Mo.App. 1980).

■ Defendant claims the trial court erred in admitting a statement he made while in custody. When defendant was apprehended, the guards took "pedigree" information (name, address, etc), without reading defendant the *Miranda* warning. Defendant asked if the officers could "give [him] a break" and "break it down to a petty [theft]." This statement was uttered voluntarily and spontaneously, and defendant does not claim it to be the product of interrogation. Such statements are admissible, even if *Miranda* warnings are not given. *State v. Butler*, 660 S.W.2d 225, 228 (Mo.App.1983).

■ Finally, defendant complains of error in the refusal of his circumstantial evidence instruction. Some of the evidence, such as the eyewitness testimony of the officers, was direct. The instruction is not required when the evidence is partly direct and partly circumstantial. *State v. Urhahn*, 621 S.W.2d 928, 932–33 (Mo.App. 1981); MAI–CR 2d 3.42, Notes on Use 2.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.