STATE of Missouri, Respondent,

v.

Harold HAWKINS, Appellant.

No. WD 35211.

Missouri Court of Appeals, Western District.

Oct. 16, 1984.

James W. Fletcher, Public Defender, Kansas City, Kevin Locke, Asst. Public Defender, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Frank A. Rubin, Asst. Atty. Gen., for respondent.

Before DIXON, J., Presiding, and SHANGLER and SOMERVILLE, JJ.

DIXON, Judge.

Defendant appeals his conviction for armed robbery. He contends the trial court erred in admitting evidence of other crimes and in failing to declare a mistrial for a failure on the part of the state to provide discovery.

The victim was a taxi driver for the Yellow Cab Co. On November 25 (Thanksgiving), he responded to a call for a cab at 2847 Madison in Kansas City, Missouri. The time was around 5:00 a.m. When he arrived, a young woman was on the porch of the house at the designated address. She came to the cab and, assisted by the driver, was opening the door when a man armed with a gun and wearing a dark colored ski mask announced it was a robbery. The driver's billfold, money, and ring were taken. The driver's keys were taken and the man and the woman ran off.

During the course of the investigation of the robbery, a police officer interviewed an attendant at a nearby filling station and determined that a man and a woman had been in the station, purchased gasoline, and used the telephone at around 5:00 a.m., November 25th. The police later showed this witness photographs of males and females, and he identified the defendant and a woman, known as Alberta Kennison, as the persons who were in the station at about the time of the robbery on November 25. The witness indicated the same couple had been in 5 to 10 times in the same early morning hours. The police asked that a license number be given to them for the "blue Nova" the couple were using. This number was furnished to the police on November 28. The license indicated the car was registered in the name of the defendant's sister. Also during the investigation, one of the police officers had requested that the Yellow Cab Company report to the police if they received other calls from the area of the robbery. On the 29th of November, in the early morning hours, a police officer responded to a call in the area of 28th and Summit. Arriving in the area, the officer observed a white-over-blue Nova with the license plate given by the station attendants to the police. The car was being operated without lights. Another officer, alerted by a radio call from the first officer, stopped the vehicle and arrested the defendant and Alberta Kennison.

Later that day Alberta Kennison made a statement in which she described the robbery of November 25 and several other robberies of a similar nature. It is apparent from the colloquy of counsel and the court and from the subsequent events that a similar robbery had been planned for a location at 2817 Madison.

Following the arrest of defendants, the police searched the route from the scene of the arrest to 2817 Madison and found a gun and a mask in the yard at 2817 Madison.

At trial, Alberta Kennison described the November 25th robbery of the cab driver. She verified that a billfold, money, and a ring were taken. She had placed the call for the cab to come to 2847 Madison. She stated that the plan was for her to await the arrival of the cab and when the door was open, the defendant would rob the driver. She admitted she was testifying pursuant to a "deal" that she would not be prosecuted for her part in the offense.

During the examination of this witness, the state asked her if the defendant said anything at the time of the arrest. The witness answered "yes." The defense then

made a general objection that this question on redirect was beyond the scope of direct and cross-examination. The objection was overruled. The state then asked what the defendant said, and the witness answered, "Don't say nothing." The witness said the defendant reiterated his statement two or three times.

When one of the officers who was present at the defendant's arrest was on the stand, the state attempted to prove by the officer the statements made by the defendant. The defendant's counsel objected on the ground that the statement made by the defendant and related by his female accomplice had not been furnished to the defendant by the state during discovery. During the colloquy, the state conceded they had known for several days that Alberta Kennison would testify concerning the defendant's statement. The trial court did not permit the police officer to give evidence concerning the defendant's statement, but denied a motion for mistrial based upon the state's failure to disclose the defendant's statement. The court explicitly denied the mistrial on the ground that no such objection was made when Kennison testified.

■ The defendant's claim that the trial court admitted evidence of other crimes focuses upon a portion of the testimony of the officer who responded to the call at 2847 Madison on the 25th of November. The officer stated that she had talked to the road supervisor at the Yellow Cab Co. The following question and answer ensued:

Q What was it that you personally asked him to do?

A O.K. After I took this report, I personally asked them that, if they had received any further calls in that area, to give us a call, because we were having some problems.

Defense counsel asked for a mistrial based on the use of the language referring to problems in the area. He asserted this was evidence of "other crimes." The as-

sertion is renewed in the brief filed here. The logic of this argument is attenuated, at best. Defendant argues that "some problems" refers to other crimes in the area and that the state's proof of his presence there on the 25th and 29th of November somehow linked him to crimes other than the one charged. Whatever the strength of the logical chain which defendant seeks to build, the exclusionary rule relating to proof of other crimes cannot be invoked upon this fragment of evidence. The necessary predicate for the application of the rule is stated in *State v. Jones*, 523 S.W.2d 152, 155 (Mo.App.1975):

> In order to invoke the rule of exclusion there must be evidence that *the defendant* has committed, or has been accused of, charged with, convicted of, or been definitely associated with, another crime or crimes.

The evidence in Jones was very much like the instant case. There the officers were on a "detail" to apprehend unidentified and undescribed holdup men who were "plaguing" a certain area. The officers had a house under surveillance. The defendant and some other men came from behind the house, got in a car, and drove away. When the police attempted to stop them, they fled at high speeds. The court noted there was no nexus between the reason for the officers' presence, the other holdups, and the presence of the defendant at the scene. So it is in the instant case. There is nothing to connect the defendant in this case with the problems in the area except his presence. His arrest occurred because of the identification of the vehicle and because he was driving without any lights. As the defendant notes, it is impossible to read the record in this case without understanding that the police were alerted to a possible holdup at 2811 Madison by the call to that area. The statement of Alberta Kennison discloses that she and the defendant had committed another robbery in the same area in the same manner. The difficulty is that none of that information went

to the jury. The court excluded the statement of Alberta Kennison and the court wisely warned the prosecutor not to pursue the inadvertent statement of the officer about problems in the area. When Alberta Kennison was testifying about the event on November 25, she stated, in response to a question about how the robbery was to be committed, "I would call him [the cab] and he [the defendant] would hide and I would stand between ... two parked cars up on the sidewalk." The defense objected and moved for a mistrial. The court overruled the objection and denied the mistrial. These rulings are not challenged. Significantly, however, the trial court urged the prosecutor to frame the question to the witness in such a way that she would not reveal the other crimes she and defendant had planned or executed. Defense counsel was diligent in his effort to keep from the jury the evidence of other offenses. The trial court kept a close rein on the prosecution—perhaps even a closer rein than was necessary, given the common scheme or plan in the several offenses. There was no error in refusing the mistrial.

■ The defendant's second point pertains to the trial court's refusal to sustain a motion for mistrial made when the investigating officer was on the stand. The motion for mistrial was explicitly based on the testimony of Alberta Kennison who had testified the day before as to the defendant's voluntary statement to her, "Don't say anything." The trial court concluded the state should have disclosed this statement by the defendant and as a sanction did not permit the officer to corroborate Alberta Kennison's testimony. The court refused the further sanction of a mistrial, based on the prior testimony, pointing out that an objection based on violations of discovery rules came much too late.

■ The nature of the sanctions to be imposed by the trial court for a violation of Rule 25.16 lies in the discretion of the trial court. *State v. Stewart*, 636 S.W.2d 345,

348 (Mo.App.1982). The trial court did not err in refusing to grant a mistrial and giving the limited relief afforded: the exclusion of the police officer's testimony. In the instant case, the delay in raising the issue effectively limited the sanctions available to the trial court. If the defendant had objected when Alberta Kennison was testifying, the court would have been able to sustain an objection and exclude the testimony as the court did when the issue was raised. Such an exclusion would have eliminated the issue entirely. To permit the defendant to not object and later raise the issue would defeat the purpose of the rule allowing the trial judge to fashion a remedy appropriate to the facts presented. Moreover, there is no reasonable likelihood that the evidence admitted would have affected the outcome of the trial. *State v. Bryant*, 658 S.W.2d 935, 937 (Mo.App. 1983). The trial court properly denied the motion for mistrial.

Judgment and conviction affirmed.

All concur.