**STATE of Missouri, Respondent,**

v.

**Cy LARGE, Appellant.**

**No. WD 37130.**

Missouri Court of Appeals,
Western District.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Sean O'Brien, Public Defender, Todd Wilhelmus, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

By the verdict of a jury, appellant was found guilty of the crime of tampering with a witness in violation of § 575.270 RSMo 1978. Upon a finding by the trial court that appellant was a prior offender, he was sentenced by it to five years imprisonment in the Division of Adult Institutions.

In the underlying case, appellant's brother, George Large, was charged with the burglary of David Ferguson's residence. Ferguson's girl-friend, Gena Miller, was a witness to the burglary wherein George Large and three other men entered the residence and George Large took Ferguson to the kitchen and beat him. After the four men left, Gena and Ferguson called the police which resulted in George Large being charged with burglary. Gena testified at the preliminary hearing, and was supposed to testify at George's trial.

On May 25, 1984, the day after the preliminary hearing, Gena was shopping at a Safeway store where she observed Cy Large putting a note under the windshield wiper of her car. As Gena pulled away from the Safeway lot, appellant followed her, forcing her to speed. She pulled off into a convenience store and extracted the note under her windshield wiper. It read, "watch out fool, be cool". Appellant was sitting across the street waiting for Gena when she left the convenience store, and "tailgated" her at high speed until she was able to lose him by running a red light. On arriving home, she told Ferguson what had happened, and he called the police to report it. The evidence to sustain the conviction is not anywhere questioned.

Detective Joe Schmidli testified that he interviewed appellant, first advising him of his *Miranda* rights. Appellant signed a form setting forth those rights in detail, and stated that he understood them. He denied to Schmidli that he had placed a threatening note on the windshield of Gena Miller's car. "Q After you asked him that, you told him the facts of the case, and after he denied doing it, did he go on to say something else to you concerning David Ferguson? A He told me that he had never seen Gena Miller before; He knew of her, but he did know David Ferguson. And then he stated 'Why does David Ferguson get away with everything and we can't do anything without getting arrested?'" Appellant's first point is that the trial court erred in overruling his objection to Schmidli's testimony as to what appellant stated. It is contended that it was not an admission of the crime for which he was charged, was inadmissible as hearsay and evidence of unrelated and irrelevant arrests of appellant, and it served to prejudice the jury against him with evidence of his bad character.

■ While appellant's statement was not an admission of the commission of the crime of tampering with a witness, in the context in which it was made, it was not inadmissible for any other reason that he here advances. The statement was made right after appellant denied that he had placed the note on Gena Miller's windshield, and after he stated that he knew

David Ferguson, who was the victim of the burglary charged against appellant's brother, George Large. Appellant certainly had an interest in any acquittal of his brother of that charge. As the state contends, the statement was at least a showing of a consciousness of guilt, i.e. "we can't do anything without getting arrested" which was an admission against interest of that consciousness, and connected appellant to the crime charged. See *State v. Abercrombie*, 694 S.W.2d 268, 270[1, 2] (Mo. App.1985); *State v. Zerban*, 412 S.W.2d 397 (Mo.1967), where a statement by defendant that he did not drive his Thunderbird away from a repair shop the day before the homicide was incriminating in view of other evidence showing that he was the driver of that vehicle when two officers were struck and one was killed; *State v. Mosby*, 667 S.W.2d 25, 26[3] (Mo.App.1984); and *State v. Hindman*, 543 S.W.2d 278 (Mo.App.1978). The inferences to be drawn from appellant's statement, under all the circumstances, were for the jury. Point I is overruled.

Prosecuting witness, Gena Miller, testified that she lived with David Ferguson on April 7, 1984, when his residence was burglarized by George Large and others. David was then her boyfriend and fiancee, and she was still living with him on the date of this trial, March 13, 1985. On cross-examination, appellant asked Gena when she and David Ferguson were engaged. The state objected on relevancy grounds. In the colloquy that ensued, appellant told the court that he thought the relationship that Gena had with appellant and with his family was only through her boyfriend, and that there had been an extensive and heated relationship between him and the Large family. Counsel thought that it went to her motive, possibly for lying or stretching the truth in the case to cover for her boyfriend, and that the relationship was relevant, resulting in her bias or prejudice as a witness. The trial court ruled the objection solely on the question asked—as to when Gena and Ferguson were engaged, a matter which was irrelevant in view of her direct testimony that she and David had been living together unmarried. No question was asked Gena as to her awareness or knowledge of an extensive and heated relationship between Ferguson and the Large family which might have brought into the case a basis for her bias and prejudice. In this circumstance, the trial court cannot be convicted of error, and Point II is therefore overruled.

Point III is a rescript of the question asked Gena Miller in Point II—as to when she and Ferguson were engaged. But it is now contended that Gena's testimony that she was (now) Ferguson's fiancee is inconsistent with her deposition testimony given in August, 1984, that she would in the future be his fiancee. There is no inconsistency, obviously, between the deposition and trial testimony as contended. Point III is overruled.

In his last point, appellant contends that the trial court erred in allowing the prosecuting attorney, over objection, to state in closing argument, that Gena Miller had testified in the trial of George Large. It is said this allowed her testimony to be bolstered with prior consistent statements when her credibility had not been impeached by defense counsel. Of course, it was essential to the state's burden of proof that it show that Gena Miller was a witness in the court proceedings against George Large, in order to prove that appellant tampered with her. The argument has been examined, and nowhere therein is there any intimation that her prior testimony in the George Large proceedings was truthful. The point is without merit and is overruled.

The judgment is affirmed.

All concur.