**Steven Gail DANIELS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 14361.

Missouri Court of Appeals, Southern District, Division One.

Feb. 23, 1987.

Motion for Rehearing or to Transfer to Supreme Court Denied March 16, 1987.

Application to Transfer Denied April 14, 1987.

M. Elise Branyan, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Kevin Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM J. MARSH, Special Judge.

Steven Gail Daniels was jury-convicted of second degree burglary. The jury recommended a punishment of 90 days' confinement in the county jail, but the trial court, after finding Daniels to be a persistent offender, sentenced him to 12 years' imprisonment. After direct appeal, the judgment and sentence of the trial court were affirmed. *State v. Daniels*, 629 S.W.2d 627 (Mo.App.1982).

After confinement, Daniels filed a pro se Rule 27.26[1] motion seeking to have his conviction and sentence vacated. The motion court, after making written findings of fact and conclusions of law, dismissed Daniels' motion without evidentiary hearing.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j).

On appeal, Daniels contends the motion court erred in denying him an evidentiary hearing because there was a sufficient factual basis alleged in his motion to prove that 1) the trial court's refusal to sustain Daniels' attorney's challenge for cause to prospective jurors violated his right to a fair trial, 2) the 12–year sentence was excessive, and 3) ineffective assistance of appellate counsel, through failure to properly advise Daniels concerning the finality of the affirmance by the appellate court, caused delay in the pursuit by Daniels of his post-conviction remedies.

In regard to the first point, the exact issue was raised and decided adversely to Daniels on his direct appeal, *State v. Daniels*, supra, at 630, where we held there was nothing in the record to show that the veniremen were prejudiced in any way, and that the trial court did not abuse its discretion in denying the challenges. Once a point has been considered on direct

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are RSMo 1978, V.A.M.S.

appeal, it cannot be reconsidered in a post-conviction proceeding. *Wilhite v. State*, 615 S.W.2d 506, 507 (Mo.App.1981).

In regard to the second point, the 12–year sentence was within the statutory limits, as Daniels could have been sentenced as a persistent offender, to imprisonment of up to 15 years. § 558.016.6(3). A bare claim of excessiveness of sentence is not cognizable on a motion to vacate if the sentence is within the statutory limits. *Barton v. State*, 614 S.W.2d 766, 768 (Mo. App.1981).

Finally, Daniels' claim of ineffective assistance of appellate counsel is not a claim that can be asserted in a 27.26 proceeding, as that issue is not properly before the court below for ruling. *Hemphill v. State*, 566 S.W.2d 200, 207–208 (Mo. banc 1978).

The motion court's findings of fact, conclusions of law, and order denying relief are not clearly erroneous.

The order by the motion court denying Daniels' motion to vacate his conviction is affirmed.

GREENE, P.J., and CRANDALL, CRIST and KENNEDY, Special Judges, concur.